## THE BAR ASSOCIATION OF BALTIMORE CITY *v.* DEARING

[Misc. Docket (Subtitle BV) No. 2, September Term, 1974.]

*Decided February 24, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and O'DONNELL, JJ.

*M. Peter Moser*, with whom was *Terry F. Hall* on the exceptions, for The Bar Association.

*Charles J. Josey* for Tucker Russell Dearing.

## ORDER OF COURT

After fully and carefully reviewing the entire record in this disciplinary proceeding, which, among other documents, includes: the Bar Association's charges of professional misconduct; a transcript of the proceedings before the hearing panel to which the charges were transmitted (Maryland Rule BV3 b); the hearing panel's findings of fact, together with its recommendation that: (i) the evidence is not of "sufficient character to support the charges that Dearing should have known he was not competent to handle, or failed to prepare adequately, certain legal matters" (DR6-101(A)(1) and (2)), (ii) the evidence does support a finding that the respondent neglected a number of legal matters entrusted to him (DR 6-101(A)(3), and (iii) that the respondent be suspended from the practice of law for a period of one year; the Bar Association's exceptions to the panel's recommendation that there was no violation shown of DR 6-101(A)(1) and (2), and to the recommended length of the suspension; and the respondent's answer to those exceptions, it is thereupon this 24th day of February, 1975,

ORDERED, by the Court of Appeals of Maryland, that the findings of fact, as well as the application of those facts to the Canons of Professional Ethics, as recommended by the hearing panel, with the exception of the suggested sanction to be imposed, are hereby adopted by this Court as its own; and it is further

ORDERED, that Tucker Russell Dearing be, and he is hereby, suspended from the practice of law in this State for a period of two years. This suspension, however, is subject specifically to the right of the respondent under Rule BV9 to seek a modification or termination of the suspension upon his being able to demonstrate to the satisfaction of this Court that he has been sufficiently rehabilitated to again be permitted to resume the practice of law in this State; and it is further

ORDERED, that in view of the fact that counsel for the

68

respondent has informed this Court that an agreement has been consummated between the respondent and Charles P. Howard, Jr., Esquire, an attorney authorized to practice law in this State, by which that attorney "will take such steps as are necessary to assure that legal matters previously entrusted to Tucker R. Dearing by his clients are properly handled so that the clients will suffer no detriment during the period when Mr. Dearing is incapacitated or may not practice law," the appointment of a conservator or receiver to take charge of the respondent's professional files and records for the purpose of protecting the interest of respondent's clients, will be unnecessary at this time; instead it is

ORDERED, that Walter E. Black, Jr., Esquire, be designated as a Special Master of this Court (with such assistance as in his judgment he may require from other members of the bar selected by him) to make inquiry as to whether the clients of the said respondent have been properly notified of the inability of the said respondent to further represent them at this time, as well as whether, with the consent of each client, proper arrangements for adequate legal representation by an attorney authorized to practice law in this State have been made, and to report to this Court his findings and conclusions as soon as he reasonably can, but, in any event, no later than thirty days from the date of this Order.